UNION COUNTY DEVELOPMENT COMPANY, RELATOR, v. WILLIAM T. KALTENBACH,.BUILDING INSPECTOR OF THE CITY OF ELIZABETH.

Submitted February 5, 1925—Decided March 26, 1925.

**Municipalities—Zoning—Application Rejected by Building Inspector and Action Affirmed by Board of Zoning Adjustment— Evidence Examined and Case Falls, Under Ignaciunas v. Risley Case—Peremptory Writ Awarded with Privilege to Mould Pleading in Case of Appeal.**

On rule to show cause for *mandamus.*

Before Justices KALISCH, BLACK and CAMPBELL.

For the relator, *Stamler, Stamler & Koestler.*

For the respondent, *Joseph T. Hague.*

PER CURIAM.

The relator is the owner of premises known as No. 1038 North avenue, Elizabeth, being a vacant lot at the corner of North and Jackson avenues.

Relator's deed and no deed in the chain of title to relators contains any restrictive covenants against any use to which the land may be put.

On September 8th, 1924, the relator, upon a blank furnished by the building inspector, did give a specification of a new building to be erected upon said premises, designating it as a frame building, seventy-five feet by twenty-two feet, having a peaked, shingle roof, and to consist of apartments for two families, and three stores, and presented therewith formal plans of the building showing the layout of the first floor for a store on the corner fronting on North avenue, and two stores fronting on Jackson avenue, and the layout of the second floor for two families. Relator offered to pay the required fee for a permit for the erection of such build-

ing. The building proposed, complied with all rules and regulations of the building department and the building code. The building inspector refused to grant the permit upon the ground that to do so would violate the zoning ordinance of the city of Elizabeth.

The premises of relator is within Residence "B" District as defined in such ordinance, and therein stores are prohibited, and likewise dwellings, except "a dwelling for one family or for one house-keeping unit only."

Thereupon, relator appealed from such decision of the building inspector to the board of zoning adjustment, and such board fixed October 14th, 1924, for the hearing of such appeal. Said hearing was held, and the board refused relator's petition for a permit to erect said building, and on October 15th, 1924, caused its secretary to notify relator, in writing, that his appeal to erect stores upon the premises was denied.

Relator's property is on the southeast corner of North and Jackson avenues, and in the neighborhood of the property the blocks on North avenue are three hundred feet in length. On the southwest corner of North avenue and Van Buren avenue, which is one block east of the premises in question, there is a building containing a store, and on the northwest corner of North and Jackson avenues there is also a building containing a store. On the northeast corner of North and Monroe avenues, two blocks west of the premises in question, there are two buildings each containing a store.

Relator is also the owner of premises adjoining the premises in question, upon which is a building containing a store and also a building used as a bakery. All the foregoing stores and structures were constructed prior to the adoption of the zoning ordinance, and all of such buildings are within the same zone as the premises in question.

On November 8th, 1924, relator applied for and a rule to show cause why a peremptory or alternative writ of *mandamus* should not issue was allowed returnable at the opening day of the present term of this court.

The contention of relator is that there is nothing before the court to show the building of the character contemplated to be against public health, safety or public welfare.

In this we agree with relator, and the matter before us is controlled by *Ignaciunas* v. *Risley*, 1 *N. J. Adv. R.* 1023.

The respondent contends that *certiorari*, not *mandamus*, is the proper remedy.

We think not. *Certiorari* will accomplish nothing in the case before us. There is nothing to be reviewed. *Biddle* v. *Commissioner of Banking*, 100 *Atl. Rep.* 692.

As all the facts are before us as fully as under an alternative writ of *mandamus*, a peremptory writ is awarded, with privilege to apply for a molding of the pleadings if an appeal is desired.