THE STATE OF NEW JERSEY, EX REL. HENRY BECKER
AND SON, INCORPORATED, RELATOR, v. THOMAS J.
DOWLING, INSPECTOR OF BUILDINGS OF THE CITY
OF ORANGE, AND THE BOARD OF ADJUSTMENT OF
THE CITY OF ORANGE, RESPONDENTS.

Submitted January term, 1925—Decided March 26, 1925.

**Municipalities—Zoning—Erection of Large Horse Stable, Wagon
Storage, Garage and Office Building in Residence "B" Dis-
trict—City Under Police Power May Regulate Erection of
Stables, Provided Regulation is Reasonable and for Protec-
tion of Health, Safety and Public Welfare—Facts Before
Court do Not Justify Application of Prohibitive Term of
Ordinance—As Facts are Before Court by Stipulation, Per-
emptory Writ Will Issue With Privilege to Mold Pleadings
in Event of Appeal.**

On rule for *mandamus*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the relator, *Arthur B. Seymour*.

For the respondents, *William A. Calhoun*.

PER CURIAM.

This matter is before us upon a rule to show cause why a
peremptory or alternative writ of *mandamus* should not issue
commanding the respondent Dowling, as inspector of build-
ings, to issue to the relator a permit to erect a horse stable,
wagon storage and office building.  The facts are before us
by stipulation and they are that relator is the owner of lands
on the west side of South Jefferson avenue, Orange, such
lands having a frontage of two hundred and seventy-four
and one-half feet on such avenue, a depth on the southerly
side of one hundred and thirty-one feet, a width in the rear
of three hundred and eight feet, and a depth on the northerly

side of one hundred and eighty-three (183) feet. On November 3d, 1924, application was made by relator to the inspector of buildings of Orange for a permit to erect a building on such lands for use as a horse stable, storage of wagons, office building and garage; that with such application plans and specifications were filed providing for the erection of a one-story brick building with a frontage of two hundred and twenty-five (225) feet on South Jefferson street, containing stalls for fifty-four (54) horses, a large storage room for wagons, an office for drivers of wagons and a small garage. Such plans and specifications complied with the building code and all other ordinances relating to the material and manner of construction of a building of the type for which the permit was applied. The inspector of buildings refused to grant a permit because the zoning ordinance of the city of Orange prohibited the erection of a business stable upon relator's property.

Part of the building, if erected, would be within one hun-hundred (100) feet of South Jefferson street, in "Residence B" zone and part in the business zone as fixed by the zoning ordinance.

In neither of these districts is it permitted by the zoning ordinance to erect a stable to be used for business purposes.

There exists in the city of Orange, pursuant to the terms of *P. L.* 1924, *ch.* 146, a board of adjustment and relator appealed from the decision of the building inspector to that board, and which board on November 28th, 1924, denied the appeal. Relator purchased the premises in question June 5th, 1924, and at this time they consisted of a vacant lot. Immediately opposite and facing on the east side of South Jefferson street are eight frame dwelling-houses. The lands adjoining on the west and north are used for business purposes.

The annual rates for fire insurance on South Jefferson street are: frame dwelling, eighteen and one-half cents per $100; brick dwellings, thirteen cents, and brick stables, ninety-one cents.

Relator is in the retail milk business on a large scale and operates approximately fifty (50) horse-drawn wagons. It is the practice for these wagons to leave the stable between one-thirty and four in the morning, proceeding to a railroad siding from which the bottled milk is loaded into the wagons for delivery and returning after such deliveries to the stable between ten A. M. and two P. M.

Upon these facts the respondents resist the granting of a writ of *mandamus* for two reasons:

*First.* Because *certiorari* is the appropriate remedy to review the decision of the board of adjustment.

Our answer to this is that *certiorari* would avail nothing. *Biddle* v. *Commissioner of Banking and Insurance,* 100 *Atl. Rep.* 692. We have so held in *Union County Development Company* v. *Kaltenbach, Inspector, &c.,* 208, of the present term.

*Second.* The city, under its police power, may regulate and restrict the erection of stables.

It may be conceded that such power does reside in the city, provided to be shown that the regulation, restriction or prohibition is reasonable and is called for to protect the public health, safety and general welfare. But the power extends no further and a regulation, restriction or prohibition exceeding the foregoing is unreasonable. *Ignaciunas* v. *Risley,* 98 *N. J. L.* 712.

The facts before us do not justify the application of the prohibitive terms and requirements of the ordinance in question.

As all the facts are before us by stipulation no advantage or benefit can arise in awarding an alternative writ. A peremptory writ may therefore issue, with the privilege of applying for an order molding the pleadings, provided an appeal is to be taken.