DAVID STEINBERG, PROSECUTOR, v. FREDERIC BIGELOW, SUPERINTENDENT OF BUILDINGS OF THE CITY OF NEWARK; BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, AND THE CITY OF NEWARK, RESPOND-ENTS.

*Argued October 6, 1925—Decided November 10, 1925.*

**Zoning—Stores in Restricted Territory—Case Within Rule in Ignaciunas v. Risley—Appeal to Board of Adjustment Not Necessary—Certiorari Does Not Give the Prosecutor the Right to Which He is Entitled—Proper Remedy is Mandamus —Action of Board of Adjustment Set Aside.**

On writ of *certiorari.*

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Isadore H. Colton.*

For the respondents, *Jerome T. Congleton* and *Charles M. Myers.*

PER CURIAM.

This case is before us upon a writ of *certiorari* allowed for the purpose of reviewing the action of the board of adjustment of the city of Newark, which affirmed the action of Frederic Bigelow, superintendent of buildings of the city of Newark, in denying to the prosecutor a permit for the erection of a building to contain apartments and stores at Nos. 75-79 Avon street, in said city. The facts have been agreed upon. The statement of facts shows that David Steinberg, the prosecutor, is the owner in fee-simple of the property known as Nos. 75-79 Avon street, in the city of Newark. The property is located at the northwest corner of Avon street and Hillside place. It has a frontage on Avon street of seventy-two feet and a frontage on Hillside place of ninety feet. On March 2d, 1925, the prosecutor applied to

the said superintendent of buildings of the city of Newark for a permit to erect a fourteen-family apartment-house containing four stores. The stores were to be located on the Avon street side. The prosecutor tendered to the superintendent of buildings the legal fees in accordance with the ordinance of the city of Newark. On March 4th, 1925, the superintendent refused to issue the permit on the ground that the plans called for four stores in conjunction with the apartment-house, and that the erection of said stores would be a violation of the zoning ordinance of the city of Newark adopted on December 31st, 1919. This ordinance placed the prosecutor's lands in a zone where stores were prohibited. Upon the refusal of the superintendent to grant the permit the prosecutor appealed to the board of adjustment of the city of Newark, created under chapter 148 of the laws of 1924. *Pamph. L.* 1924, *p.* 324. The board of adjustment refused to grant the permit upon the ground that the proposed building to be erected by the prosecutor was to contain stores, and affirmed the action of the superintendent in denying the permit. Avon street is a wide thoroughfare commencing at Clinton avenue, in the city of Newark, and extending to the town of Irvington. A part of this avenue is in the business zone. The building now located upon the prosecutor's land is a public restaurant. Upon the refusal of the board of adjustment to grant the permit a writ of *certiorari* was applied for and allowed to review the action of the board of adjustment.

This case involves, we think, the same question as was decided by this court in the case of *Ignaciunas* v. *Risley,* 98 *N. J. L.* 712; affirmed by the Court of Errors and Appeals, 2 *N. J. Adv. R.* 852. This decision has been followed in innumerable cases, among which are *Falco* v. *Kallenbach,* 3 *N. J. Mis. R.* 333; *Becker & Son* v. *Dowling,* 128 *Atl. Rep.* 395; *Union County Development Co.* v. *Kallenbach,* 3 *N. J. Mis. R.* 341. At the time of the decision of this case the act of 1924 referred to had not been passed. The legislature could not by the enactment of a statute confer upon a municipality any

power the exercise of which would deprive an owner of property of the right guaranteed him by the constitution. The effect of the 1924 statute was considered in the recent case of *H. Krumgold & Sons* v. *Jersey City,* in the Court of Errors and Appeals, decided October 19th, 1925, 3 *N. J. Adv. R.* 1546. In that case the court said: "A legislature cannot confer upon a municipality any power the exercise of which will deprive one of the rights guaranteed him by the constitution. Every owner of property has guaranteed to him the right of holding, using, enjoying and disposing of his property. It is true that every owner holds his property subject to the implied condition that it will not be used to the injury of others. Within proper limits his use thereof will be controlled for the promotion of the safety, health, morals or general welfare of the community. But when the state or any agency thereof seeks to restrict the use of private property under the guise of the police power the restriction must bear some definite and substantial relation to the public welfare."

In the present case the restriction sought to be imposed upon the prosecutor's property bears no definite and substantial relation to the public health, safety or general welfare. This was decided in the case of *Ignaciunas* v. *Risley, supra.* It was not necessary for the prosecutor to appeal to the board of adjustment. This was so held in the case of *H. Krumgold & Sons* v. *Jersey City, supra.* The action of the board of adjustment in sustaining the refusal to grant the permit will be set aside as illegal. This action, however, does not give to the prosecutor the right to which he is entitled, namely, a building permit for the erection of the apartment-house and stores. *Certiorari* was not the proper remedy to secure for the prosecutor his right. *Falco et al.* v. *Kaltenbach, Building Inspector, et al., supra.* The proper remedy is *mandamus.* It will, perhaps, however, not be necessary for the prosecutor to apply to this court for the issue of such a writ in view of the statement made in open court by the counsel for the respondents, which, as we recall it, was to the

effect that if this court held that the action of the board of adjustment was unwarranted that a building permit would be forthwith granted to the prosecutor. The action of the board of adjustment of the city of Newark affirming the action of the superintendent of buildings of the city of Newark in refusing to issue a permit to the prosecutor is set aside, with costs.