MAX L. RUDENSEY, PROSECUTOR, v. BOARD OF ADJUSTMENT OF THE TOWN OF MONTCLAIR, IN THE COUNTY OF ESSEX, AND HARRY TRIPPETT, SECRETARY OF SAID BOARD, AND THE TOWN OF MONTCLAIR, IN THE COUNTY OF ESSEX, RESPONDENTS.

Submitted October term, 1925—Decided February 2, 1926.

### Zoning—Stores in Restricted Section—Case Follows Ignaciunas v. Risley—Mandamus the Proper Remedy.

On *certiorari,* &c.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Whiting & Moore* (*Ira G. Moore, Jr.,* of counsel).

For the respondents, *George R. Beach* (*John W. Bishop, Jr.,* of counsel).

PER CURIAM.

This is a writ of *certiorari* bringing up for review the order or determination of the board of adjustment of the town of Montclair on the appeal of the prosecutor of this writ from a decision of the building inspector refusing a permit to the prosecutor for the erection of a building on a lot at the northwest corner of Valley road and Laurel Place, in the town of Montclair.

As we read the record, the sole objection to granting the permit was that the building is designed for use as stores, and an ordinance of the town of Montclair, commonly known as the zoning ordinance, purports to prohibit the use of buildings for stores in the district in which this lot of land is located.

We think that the right of the prosecutor to have his building permit is clear under *Ignaciunas* v. *Risley*, 98 *N. J. L.* 712; *affirmed*, 99 *Id.* 389. *Mandamus* against the building inspector was his proper remedy, but the board of adjustment, to whom it was unnecessary for him to appeal, had no jurisdiction to deprive the prosecutor of his constitutional right, and the refusal of the board of adjustment brought up by *certiorari* will be set aside. *Steinberg* v. *Bigelow*, 131 *Atl. Rep.* 114. The testimony relating to the alleged increased fire hazard and alleged danger from increased traffic on the highway we think does not take this case out of the rules declared in *Ingersoll* v. *South Orange*, 128 *Id.* 393; *affirmed*, 130 *Id.* 721, and in *Eaton* v. *South Orange*, 3 *N. J. Mis. R.* 957.

The order brought up will be set aside.