Battle, J.
 

 The writs of
 
 reoordcvri
 
 and
 
 certiorcvri
 
 are used in this State, most commonly, as substitutes for appeals, where the appellants had, without default, lost, or been improperly deprived of their right of appeal; and in such cases they have been allowed a trial
 
 de novo
 
 upon the merits in the Superior ■Court. They may be used also, the
 
 former,
 
 as a writ of false judgment, and the latter, as a writ of error; in which case, all that can be discussed and decided in the Superior Court are the form and sufficiency of the proceedings in the inferior tribunals, as they appear upon the face of them.
 
 Parker
 
 v.
 
 Gilreath,
 
 6 Ire. Rep. 221
 
 ; Webb
 
 v.
 
 Dur
 
 
 *311
 

 ham,
 
 7 Ire. Rep. 130
 
 ; Brooks
 
 v.
 
 Morgan,
 
 5 Ire. Rep. 481 ;
 
 Commissioners of Raleigh
 
 v.
 
 Kane,
 
 2 Jones’ Rep. 288. The writ of
 
 recordari
 
 lies to an inferior tribunal, whose proceedings are not recorded, and it is necessarily used as a writ of false judgment, becáuse no writ of error can be brought upon the order, sentence or judgment, of such tribunals. 2 Sellon’s Practice, 544.
 

 The writ of
 
 certiorari
 
 lies to a court of record, and may be used for the same purpose' as a ’writ of error in the regular form. It is true that, in the case of
 
 Brooks
 
 v.
 
 Morgan,
 
 above referred to, it is said by the Court that this writ has been used by necessity for the correction of errors in law, in those eases where the right of appeal has not been given. ¥e cannot perceive any sufficient reason why it may not be so applied in all cases, as it will bo but another form of the writ of error. That writ, in England, issues out of the Court of Chancery, but here
 
 we
 
 have no office in our Court of Chancery out of which to issue a writ. It must, therefore, be issued from the superior to the inferior court of record, and whether it be, in the well known form of the
 
 certiorari,
 
 or in any other form, can make.no difference in the rights of the parties litigant.
 

 The writ of
 
 certiorari,
 
 in the case now before us, was treated in the Superior Court solely as a writ of error, and his Honor, decided upon the errors assigned against the plaintiff in error. The appeal from that decision brings before us the whole record, and it is made our duty to render such judgment, as upon inspection of it, it shall appear to us ought, in law, to be rendered thereon.
 

 The suit commenced before a single justice, by a warrant on a medical account for twenty-five dollars. The justice gave a judgment for seven, and the defendant appealed to the County Court, giving bond with two sureties, for the appeal. The principal defendant did not enter any pleas in that Court, and the plaintiff took judgment by default final for seven dollars. ' The defendant contends that the plaintiff had no right to take a final judgment, but was entitled to an inter
 
 *312
 
 locutory judgment only, upon which he could not have a final judgment until he had his damages ascertained upon a writ of enquiry. In this we think he is right. The warrant which stands for a declaration is clearly in assumpsit. Upon a default in that action, which sounds in damages, the judgment is necessarily interlocutory, and no final j udgment can be had until the damages have been ascertained upon a writ of enquiry. Step, on Pi. 105 ; 1 Ch. Pl. 122. In treating of the “ election of actions,” Mr. Chitty says,
 
 “
 
 the action of debt is frequently preferable to assumpsit, or covenant, because the judgment in debt upon a
 
 ml
 
 elicit, &c., is, in general, final, and execution may be taken out immediately, without the expense and delay of a writ of enquiry, which is usually necessary in assumpsit, or covenant, in the case of judgment by default.” See page 242. The Act of 1808 (1 Rev. Stat, ch. 31, sec. 96. Rev. Code, ch. 31, sec. 91) obviated this difficulty in suits upon bills of exchange, promisory notes, and signed accounts, by authorising the clerk to ascertain the interest which might have accrued thereon, without a writ of enquiry, and directing the amount thus ascertained to be included in the final judgment of the Court. The 105th section of the same chapter of the Revised Code, has a provision, (which is not to be found in the Revised Statutes,) having in view the same object in the case of appeals from the judgment of a justice to the County, or Superior Court. After enacting that, in the case of an issue, it shall be tried at the first term, it proceeds to declare that, “ when the defendant shall make default, the plaintiff, on such demands as are mentioned in section 91 of this chapter, shall have judgment in the manner therein provided, and, in oilier cases, may have his enquiry of damages executed forthwith by a jury.” The last paragraph clearly recognises the necessity of such writ in those actions which sound in damages, such as covenant and assumpsit.
 

 Our opinion is that the judgment of the Superior Court is erroneous and must be reversed, and this must be certified as the law directs, to the end that the judgment of the County Court may be reversed, and that an interlocutory judgment,
 
 *313
 
 that the plaintiff’s recover be entered, upon which he may have his writ enquiry executed preparatory to his final judgment
 

 Pee, Cueiam. Judgment reversed.