### W. B. MARCH and others *v.* JOHN W. THOMAS.

At Spring Term 1867 the plaintiffs appealed to the Supreme Court from a decree made at that Term; at the June Term 1867 of the Supreme Court they were informed that the case had *not* been sent up; but they took no further steps until January Term 1869, when they filed a petition in the Supreme Court for a *certiorari; Held,* that as the petitioners disclosed *no merits* in regard to the original cause of action, and had been guilty of *laches* in preferring their application—the petition should be refused.

PETITION for a *certiorari,* filed in this Court at the present term.

The case in which the *certiorari* was asked is that reported *ante* p. 87.

The petition stated that the plaintiffs had appealed from the decree made at Spring Term 1867 of Davidson Court of Equity, and filed an appeal bond; that under the belief that the cause had been sent up, they employed counsel in the Supreme Court, but were afterwards informed by him that it had not been docketed; that the reference had miscarried in regard to certain items, and had included matters in which the petitioners had no interest. The defendant answered; and affidavits were taken, by one of which it appeared that the petitioners had been apprised at June Term 1867 of the fact that the case had not sent up to this Court.

*Merrimon,* for the petitioners.

*Robbins, contra.*

DICK, J.   The rules of law relating to writs of *certiorari* are well settled in this State, and they are fully considered and applied in the cases referred to in Battle's Digest.

When a person thinks that injustice or error has been done in his suit by an inferior Court of record, his ordinary remedies are an appeal, or writ of error, to a Superior Court to have the matter reheard.   If these ordinary remedies are denied, or fail, without any default of the party desiring to use them, he is entitled to the extraordinary remedy of the writ of *certiorari,* but he must generally show upon his application that he has a *prima facia* case of merits, and has been guilty of no *laches* in seeking this remedy.   Neither of these requisites have been shown by the petitioners.   Their case, in the Court below, was referred, by their own counsel, to four eminent lawyers, two of whom were their counsel, and after long and full consideration, an *award* was made, and entered as a rule of Court.   There is no suggestion of fraud or partiality in the arbitrators, and even if the award was unreasonable and unjust, its validity cannot be impeached on that account.   The reason and justice of the case were the very points referred to the arbitrators, and their decision must be conclusive.   The award is certain in its terms, final on all points referred—and does not exceed the authority given in the order of reference.   The appeal of the petitioners must, therefore, have been vexatious, or for the purpose of delay.

The appeal was prayed at Spring Term 1867 of the Court of Equity for Davidson cuonty, but the case was not sent up to the following June Term of this Court.   The statements of the petitioners and the Clerk and Master of the Court below, upon this question, are contradictory, but it is unnecessary for us to decide between them, as the *laches* of the petioners in not applying at January Term 1868 for a writ of *certiorari* is wholly unexplained.   At our June Term 1867, they wrote to Mr. Phillips to represent them in this Court, and be promptly informed them that the case had not been sent up, and they took no steps in the matter, until near the close of

June Term, 1868. This unreasonable delay, unaccounted for,. is alone sufficient to deprive them of the extraordinary remedy which they seek. The motion is disallowed.

PER CURIAM. Petition dismissed.