MARLER-DALTON-GILMER COMPANY v. WADESBORO
CLOTHING AND SHOE COMPANY.

(Filed 21 April, 1909.)

1. **Writs—Recordari—Purposes—New Trial—Erroneous Judgments.**
   A writ of *recordari* may issue from the Superior Court to a justice's court for the purpose of obtaining a new trial of the case on its merits or reversing an erroneous or false judgment.

2. **Justices of the Peace—Jurisdiction—Nonresidents—Joinder of Parties—Summons—Service—Appeal and Error.**
   When a plaintiff has sued a resident and nonresident of a county in a justice's court, issued the summonses under the provisions of the Revisal, sec. 1447, and obtained judgment thereon, and the Superior Court has denied a petition of the nonresident defendant for a writ of *recordari*, based upon the jurisdictional ground of improperly joining the resident defendant, the judgment of the Superior Court will be upheld when it appears that the resident defendant was joined in good faith and not for the purpose of conferring jurisdiction.

3. **Process—Summons—Endorsements—Presumptions.**
   The return upon a summons by the proper officer that he had served it is *prima facie* sufficient, as it implies that it has been served as the statute directs; and the service will be upheld as valid, in the absence of evidence to the contrary.

MOTION for writ of *recordari,* heard by *Councill, J.,* at September Term, 1909, of FORSYTH.

Motion denied, and defendant appealed.

*L. M. Swink* for plaintiff.
*B. S. Womble* and *McLendon & Thomas* for defendant.

WALKER, J.   The plaintiff sold a case of merchandise to the defendant for $118.18, and shipped the same to the defendant, at Wadesboro, N. C., by the Southern Railway Company and the Seaboard Air Line Railway Company, taking a bill of lading therefor.   The defendant represented to the plaintiff that it had not received the goods, and refused to pay the debt, whereupon the plaintiff sued the two railway companies and the defendant, before a magistrate in Forsyth County and caused a summons to be issued for the defendant, in the manner prescribed by the statute, to Anson County.   This summons was returned by the sheriff of the latter county, with an entry of service endorsed on the summons.   At the trial before the justice the defendant did not appear.   Upon the evidence introduced, judgment was rendered against the defendant for the amount of the debt, with interest and costs, and in favor of the railway companies.   The defendant received notice of the judgment on 9 July, 1908.   The next regular term of the Superior Court of Forsyth County commenced on 27 July, 1908.   At the next or September Term, in the year 1908, the defendant applied to the Superior Court for a writ of *recordari* and a *supersedeas,* upon the general ground that the Southern Railway Company had been improperly joined as a party defendant in the suit before the justice for the purpose of conferring jurisdiction upon him.   The judge, at the request of the defendant, found and stated the facts, and among other findings are these: that the defendant admitted the debt, and that the plaintiffs acted in good faith in joining the railway companies as defendants, and that the joinder was not made for the purpose of conferring jurisdiction.   He further found that the defendant's prayer for relief before him was that it be allowed to plead to the original action.   In the petition for the *recordari* the plaintiff prayed that the papers in the cause be transmitted to the Superior Court by the justice.

The writ of *recordari* may be used, under the statute (Revisal, sec. 584), either as a substitute for an appeal or as a writ of

false judgment. In *Weaver v. Mining Co.,* 89 N. C., 198, it was said by the Court that "The writ of *recordari,* under the former practice and retained in the new, as has been often declared, is used for two purposes—the one, in order to have a new trial of the case upon its merits, and this is a substitute for an appeal from a judgment rendered before a justice; the other, for a reversal of an erroneous judgment, performing in this respect the office of a writ of false judgment." See, also, *Caldwell v. Beatty,* 69 N. C., 365; *Morton v. Rippy,* 84 N. C., 611. In the two cases last cited it is held that the writ may be resorted to in the first instance and without moving before the justice to set aside the judgment, where it is alleged that the latter had no jurisdiction of the defendant, no process having been served upon him, and that the judgment is therefore void. But the facts of this case, as found by the judge, at the request of the defendant, do not bring it within the principle announced in either of those cases, for here the judge has found all the essential facts in favor of the plaintiff and against the defendant. He has found specifically that the railway companies were joined in good faith, and not for the purpose, alleged by the petitioner, of conferring jurisdiction upon the magistrate who issued the process and tried the case. The defendant does not contend that the summons was not actually served upon it, but attacks the sheriff's return as insufficient to show a proper service. That officer returns that he did serve the summons upon the defendant, and we have decided that when such a return is made, it carries with it, *ex vi termini,* the idea of a full performance of all that the law requires, or, in other words, that the process has been served as the statute directs. It is *prima facie* sufficient until it is made to appear in some proper way that in fact there was no service. There is no such evidence or finding in this case. Indeed, the defendants are silent as to the fact of actual service, in their affidavits, and the judge states in his findings of fact that the only position taken before him by the defendant was that the suit had been improperly brought before the justice in Forsyth County. As to this matter, the findings of fact, as we have said, are all against the defendant. Whether there was a misjoinder of defendants is a

question which is not now before us as upon demurrer or answer. There seems to have been a fair contention, raising a serious doubt, as to whether the defendants were liable to the plaintiff. At least this is a reasonable deduction from the findings of the court.

The statute (Revisal, sec. 1447) is as follows: "No process shall be issued by any justice of the peace to any county other than his own, unless one or more *bona fide* defendants shall reside in, and also one or more *bona fide* defendants shall reside outside of, his county; in which case, only, he may issue process to any county in which any such nonresident defendant resides." The language of the statute would seem to make the question of jurisdiction, or the right to serve process on a defendant outside the county of the justice, to depend somewhat upon the good faith of the plaintiff in joining the defendants as parties. In certain cases, perhaps, it may be so plain that the plaintiff has no real or *bona fide* claim against the defendant, who is ·a resident of the county in which the suit is pending, that the question of misjoinder may be presented as one of law. However this may be, it is found in this case that the railway companies and the defendant were joined as defendants *bona fide,* and not for the fraudulent purpose alleged by the defendant.

· It is generally held that the applicant for the writ of *recordari* must show merit in his case, and also that he has not been guilty of *laches.  Pritchard v. Sanderson,* 92 N. C., 41; *March v. Thomas,* 63 N. C., 249; *In re Brittain,* 93 N. C., 587. Whether this rule applies where the sole question is one of jurisdiction, we need not decide.

This case was ably presented for the defendant by counsel; but the facts having been found against the defendant by the court, we are concluded by them, and it follows that there was no error in the order dismissing the petition.

Affirmed.