## MICHAEL J. COONEY, RESPONDENT, v. SAMUEL W. RUSH-MORE ET AL., APPELLANTS.

### Argued March 20, 1917—Decided June 18, 1917.

On appeal from the Supreme Court, in which court the following memorandum was filed by Mr. Justice Bergen:

"The prosecutor caused a petition, praying compensation for injuries as authorized by the Workmen's Compensation act, with an order of the court fixing the day for hearing, to be served on the defendant. The only answer interposed was that the petition was not filed with the clerk of the Court of Common Pleas within one year after the accident. This the Court of Common Pleas sustained and made an order dismissing the petition, which action is now under review, the record having been brought here by a writ of *certiorari* allowed the petitioner. The facts are not disputed and show that the accident, the basis of the prosecutor's petition, happened on March 9th, 1914, and that his petition was presented to the judge of the Court of Common Pleas March 8th, 1915, who on that day made the following order: 'A petition having been filed in this cause by Michael J. Cooney, petitioner, praying for the compensation, payable by Samuel W. Rushmore, the respondent, it is on this 8th day of March, 1915, on motion of John P. Owens, attorney for petitioner:

" 'Ordered, that the hearing of said matter be and hereby is set down for Friday, the 3d day of April, 1915, at the court house, in the city of Elizabeth, at ten o'clock in the forenoon, or as soon thereafter as counsel can be heard. And it is further ordered, that a true, but uncertified copy of this order, together with a copy of the petition, upon which this order is issued, be served upon the respondent, within six days after the date of this order.' After the order was signed, it and the petition was given to the sheriff of the county of Union to be served on the defendant. It was properly served on March 8th, 1915, but the sheriff did not return the original

ipetition and order to the clerk until March 10th, 1915, who marked it filed as of that date.

"The only question to be determined is whether the petition is to be considered as filed on March 8th, when it was presented to the judge of the court, for if it was, then the order under review and the judgment thereon should be set aside.

"The return made by the sheriff was not a filing of the petition and order, for he had no authority to do more than make a return of the character of the service he had made.

"Section 18 of the Workmen's Compensation act. 1911 (*Pamph. L., p.* 134), provides that in case of dispute concerning the claim of an injured employe, 'either party may submit the claim' to a judge of the Court of Common Pleas of the county, who is empowered to hear and determine the dispute in a summary manner. The method of procedure appears in section 20 of the act, as amended in 1913 (*Pamph. L., p.* 302), which, after providing that either party may present a petition, declares that 'upon the presentation of such a petition the same shall be filed with the clerk of the Court of Common Pleas, and the judge shall by order fix a time and place for the hearing.. * * * A copy of said petition and order shall be served as summons in a civil action and may be served within six days thereafter upon the adverse party,' and the last paragraph of the amending act of 1913 provides that all such claims 'shall be forever barred unless within one year after the accident the parties shall have agreed upon the compensation payable under this act, or unless within one year after the accident one of the parties shall have filed a petition for the adjudication of compensation as provided herein.'

"While the statute is perhaps not as definite on the subject as it might be, I am of opinion that while the proceeding is statutory, the jurisdiction in these matters is conferred on the Court of Common Pleas and not on the judge, for although the petition must be presented to a judge of that court, the record is that of the court; the petition is to be filed with the clerk of the Court of Common Pleas, and the judgment is to be entered in that court, on the findings of the judge, the same

as in cases tried in that court, while section 21 of the act provides that the compensation may be commuted by said 'Court of Common Pleas,' and to make the statute consistent and workable, we must assume that the legislature, in providing this new method of compensation and the means for its enforcement, vested the jurisdiction in the Court of Common Pleas, and not in a judge of that court as a distinct tribunal. The case of *Hendrickson* v. *Public Service Railway Co.,* 87 *N. J. L.* 366, is not applicable to the present situation, for, in that case, the court made an order that the petition be filed with the clerk of the Court of Common Pleas, and this was not done within the year, nor does it appear that any order was made declaring that the petition was filed and fixing a time for hearing. The decision in that case was put upon the ground that neither the judge or the petitioner considered the presentation of the petition as a filing; in fact, the contrary appeared for the court made an order that it be filed.

"In the case under consideration the court, after the presentation of the petition, acted upon it as if filed with the clerk, and stated in the order that it had been filed. The orderly proceeding under this statute seems to be the presentation of the petition to the judge, its filing with the clerk of the Court of Common Pleas, followed by the making of the order by the judge fixing a day for hearing. In this case the petition was presented to the judge, and he certifies that it was filed and thereupon made the order fixing the date for hearing, which he could only make after the petition was filed with the clerk. The certificate of the judge that the petition was filed is, in my judgment, just as effective as if he, as the judge of the Court of Common Pleas, had endorsed the date of filing on the petition. When the petition was presented, adjudged to be on file, and the order made fixing the day of hearing, the petition and order passed beyond the petitioner's control and he could not, at least without an order, withdraw them from the files. The fact that the clerk did not endorse on the petition the date of filing is, in my judgment, of no consequence, if it was in fact filed with the clerk of the court, as the judge thereof determined before he acted on it.

"The statute must be given a reasonable construction, and when a petition is presented to the judge of the court, and he not only certifies that it has been filed, but acts upon it as he only could after it was filed, the petition becomes a record of the court from that date, and is to be taken as filed with the clerk of the court at the time when the court certifies that it was filed. The only other difficulty presented is, that the original petition and order were removed from the files and given to the sheriff in order that he might make service of a copy thereof. As the petition and order constitute the only writ or process in actions of this kind, they were probably taken by the sheriff to be exhibited to the defendant in case of personal service, but, if this was not necessary, the petitioner cannot be deprived of his rights arising from the filing because the sheriff made such a temporary use of the petition and order. Both were served within the year, and the defendant then had notice that such a petition had been filed, for the order so stated, and also that he was required to answer. The endorsement made by the county clerk on March 10th, 1915, indicated the date of the filing of the return by the sheriff. My opinion is that, where the petition is presented to the judge of the Court of Common Pleas, and he certifies that it has been filed and thereupon makes an order which he can only make after such filing, the petition must be taken to have been filed on the date certified by the court, and that in this case the petition was filed within a year after the accident, and therefore the order and judgment of the Court of Common Pleas now under review should be set aside."

For the respondent, *Fort & Fort.*

For the appellants, *Kalisch & Kalisch*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Mr. Justice Bergen in the Supreme Court.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 11.

*For reversal*—None.