GASPER FALCO AND SALVATORE CORSELLO, RELATORS, v. WILLIAM T. KALTENBACH, INSPECTOR OF BUILD-INGS, ETC., AND THE CITY OF ELIZABETH, RESPOND-ENTS.

Submitted January term, 1925—Decided March 26, 1925.

Municipalities—Zoning—Mandamus to Compel Building Permit—Defense That Certiorari is Proper Remedy—Writ is Not to Review Proceedings of Statutory Tribunal, But to Compel Official to Perform an Administrative Act—Facts in Case Makes Finding in Ignaciunas v. Risley Case Controlling.

On rule for *mandamus*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the relators, *David S. Feinswog.*

For the respondents, *Joseph T. Hague.*

PER CURIAM.

The stipulated facts are that relators are the owners of land in the city of Elizabeth, fronting thirty-four feet on Monroe avenue and one hundred and fifteen feet in depth along Louisa street, on which there has been for three years a frame dwelling, two and one-half stories high, with two stores facing Monroe avenue and one facing Louisa street.

Relators acquired said property August 31st, 1921, and there are no restrictive covenants in anywise affecting the use of said lands. That said lands are embraced in "Residence B" district of the zoning ordinance of Elizabeth. Since the erection of the building on said premises there has been in said building three stores—a tailor shop and pharmacy on Monroe avenue and a barber shop on Louisa street. On July 11th, 1924, relators made application to William T.

Kaltenbach, building inspector of the city of Elizabeth, for a permit to add an extension to said building at the rear thereof, facing on Louisa street, for the purpose of enlarging a store. The said application was in proper form, accompanied by plans and specifications in all respects complying with the regulations of the building departments of the city, and not in conflict with any laws of the state, and a proper fee was tendered for the issuing of the permit. On August 6th, the building inspector refused to issue the permit on the ground that the contemplated extension of the building on Louisa street was in violation of the zoning ordinance, the lands being in "Residence B District," in which stores are not permitted. Relators then appealed to the board of adjustment of the city, created under *Pamph. L.* 1924, *p.* 324, and that board, after a hearing, affirmed the decision of the building inspector not to issue the permit. Relators then applied for and obtained the present rule to show cause why an alternative or peremptory writ of *mandamus* should not issue, requiring the building inspector to issue the permit as applied for by relators.

In opposition to this rule, counsel for respondents urged two reasons only.

1. *Certiorari* is the proper remedy to be pursued, and that should be directed to a review of the determination of the board of adjustment.

But such a procedure would accomplish nothing and be unavailing. *Biddle* v. *Commissioner of Banking,* 100 *Atl. Rep.* 692.

2. *Mandamus* is not the proper remedy to review the proceedings of a statutory tribunal.

The answer to this is that the present proceeding does not contemplate a review of the action and proceedings of the board of adjustment, but seeks the assistance of this court's prerogative writ to compel the building inspector to perform an administrative act which it is asserted he, in law and fact, should have performed, namely, issue the permit applied for.

"The fact that another remedy may exist for reaching the evil complained of will not avail to prevent the resort of *mandamus* unless such other remedy is specific and adequate * * *." *Lay* v. *Hoboken,* 75 *N. J. L.* 315, and cases therein cited.

We have already pointed out that *certiorari* is unavailing and inadequate, therefore, resort to *mandamus* is proper.

We think the facts in this case makes the finding in *Ignaciunas* v. *Risley,* 98 *N. J. L.* 712, controlling.

As all the facts are before us upon argued stipulation, no advantage or benefit can arise in the allowance of an alternative writ and therefore a peremptory writ of *mandamus* may issue, with leave to apply for a molding of pleadings in the event that an appeal is desired.