On 12 June, 1941, plaintiffs filed with the Secretary of State of North Carolina a proposed certificate of incorporation of an Industrial Bank. The proposed certificate in all respects complied with the requirements of law. The prescribed organization tax and recording fees were paid. The Secretary of State referred the application to the Commissioner of Banks pursuant to the provisions of the statute. (Michie's, sections 217 [b] and 225 [m]). The Commissioner of Banks, after giving notice to the plaintiffs and other interested parties, held a public meeting in Greensboro at which he heard evidence and argument of counsel. Thereupon he found certain facts and concluded that in his opinion the public convenience and advantage will not be promoted by the establishment of the proposed bank. He then submitted his report to the State Banking Commission which directed the finding of additional facts and approved his conclusion. He thereafter certified his conclusion to the Secretary of State. Upon receipt of the certificate from the Commissioner of Banks the Secretary of State declined to issue the proposed charter. Plaintiffs then instituted this action in the Superior Court of Guilford County.
On motion of the defendants the cause was removed to Wake County and the defendants appeared and filed a demurrer to the complaint for *Page 312 
that "the complaint does not state facts which, if true, would constitute a cause of action against the defendants, or either of them, or entitle the plaintiffs to the relief, or any part of the relief, prayed for in the complaint."
When the cause came on to be heard in the court below the demurrer was sustained and judgment was entered dismissing the action. Plaintiffs excepted and appealed.
A writ of certiorari is an extraordinary remedial writ and (except in certain instances immaterial here) lies for two purposes: (1) as a writ of false judgment to correct errors of law; and (2) as a substitute for an appeal. Williams v. Williams, 71 N.C. 427. Its object is only to bring up the record of an inferior court or of an officer or commission acting judicially and to prevent an improper deprivation of appeal. Hartsfield v.Jones, 49 N.C. 309. It issues from a superior to an inferior court, officer or commission acting judicially, and it lies only to review judicial or quasi-judicial action. Hartsfield v. Jones, supra;
5 R. C. L., 258, sec. 10; Mechem, Public Officers, 666, sec. 1001. It is obtained on application supported by affidavit addressed to the appellate court having jurisdiction. Taylor v. Johnson, 171 N.C. 84, 89 S.E. 1066; Bayer v. R.R., 125 N.C. 17.
On the other hand, the issuance of a writ of mandamus is an exercise of original and not appellate jurisdiction. Mechem, Public Officers, 625, sec. 931, and is never used as a substitute for an appeal.
Even so, and although this action originated in the Superior Court by the issuance of summons and filing of complaint, the plaintiffs argue and insist here that they seek a writ of certiorari for a review of the action of the Commissioner of Banks about which they complain. We will consider the appeal on their theory of the purpose and intent of the action.
They first attack the constitutionality of the act. (Michie's, sec. 217 [a], et seq.)
In considering an application for this writ only such errors or defects as appear on the face of the record can be considered. Hartsfield v. Jones,supra; March v. Thomas, 63 N.C. 249; Short v. Sparrow, 96 N.C. 348; and the application must show merit. Taylor v. Johnson, supra; March v. Thomas,supra; Marler-Dalton-Gilmer Co. v. Clothing Co., 150 N.C. 519,64 S.E. 366; Hunter v. R. R., 161 N.C. 503, 77 S.E. 678; Mechem, Public Officers, 670, sec. 1010; Womble v. Gin Co., *Page 313 194 N.C. 577, 140 S.E. 230; Bank v. Parks, 191 N.C. 263,131 S.E. 637; Finch v. Comrs., 190 N.C. 154, 129 S.E. 195.
In their complaint the plaintiffs do not attack the constitutionality of the Banking Act. Nor do they allege that the Commissioner of Banks had no power to act in the premises. In fact, they predicate their case upon the very statute they now seek to challenge. So far as this record discloses, this contention is presented for the first time in this Court. In any event, it is not a defect or "error of law" alleged in the complaint. As plaintiffs are not permitted to "change horses in the middle of the stream" or to obtain this relief except upon errors alleged, this contention will not be considered here. 16 C. J. S., 220, sec. 96; Simons v. Lebrun,219 N.C. 42, 12 S.E.2d 644; Potts v. Ins. Co., 206 N.C. 257,174 S.E. 123; Gorham v. Ins. Co., 214 N.C. 526, 200 S.E. 5; Walker v. Burt,182 N.C. 325, 109 S.E. 43; Lipsitz v. Smith, 178 N.C. 98, 100 S.E. 247;Shipp v. Stage Lines, 192 N.C. 475, 135 S.E. 339; Warren v. Susman,168 N.C. 457, 84 S.E. 760; Holland v. Dulin, 206 N.C. 211, 173 S.E. 310; 16 C. J. S., 220, sec. 96.
Does the complaint set forth such errors of law or defects in the proceedings before the Commissioner of Banks as would entitle plaintiffs to a review? The answer is No.
The subject matter of this action relates to the regulation of the conditions upon which, and the manner in which, banking corporations may be organized and incorporated with authority to engage in business as such. This is essentially legislative and administrative and not judicial.
While a banking institution is a private enterprise every depositor is, in a sense, an investor. Its stability and trustworthiness vitally affects the economic and business life of the community it serves and its solvency is a matter of public concern affecting the general welfare of the State.
It is wholly a creature of statute doing business by legislative grace and the right to carry on a banking business through the agency of a corporation is a franchise which is dependent on a grant of corporate powers by the State. 9 C. J. S., 32, sec. 4; Divide County v. Baird,55 N.D. 45, 212, N.W., 236, 51 A.L.R., 296.
"We cannot say that the public interests to which we have adverted, and others, are not sufficient to warrant the State in taking the whole business of banking under its control. On the contrary, we are of the opinion that it may go on from regulation to prohibition except upon such conditions as it may prescribe." Noble State Bank v. Haskell, 219 U.S. 104,55 L.Ed., 112; Divide County v. Baird, supra; Schaake v. Dolley,85 Kan. 598, 118 P. 80, 9 C. J. S., 35, sec. 7.
Hence, the State may limit the issuance of charters to those proposed institutions which will promote the public convenience and advantage.Dybdal v. State Securities Com., 145 Minn. 221, 176 N.W. 759. *Page 314 
Who is to survey the field, ascertain the conditions, find the facts and make the conclusion that a proposed institution will or will not promote the public convenience and advantage?
It cannot be questioned that the Legislature would have the authority to investigate and decide this question before authorizing incorporation of a bank. But surely the Legislature cannot meet in session and determine the existence or nonexistence of this condition precedent which it has prescribed every time an application for a charter is received by the Secretary of State.
It may, instead, create an administrative, investigatory, fact-finding agency to perform this function, administrative and not judicial in nature.
The creation of such agencies and the delegation of investigatory, fact-finding, authority has never been considered a delegation of legislative power. S. v. Harris, 216 N.C. 746, 6 S.E. 854; Cox v.Kinston, 217 N.C. 391, 8 S.E.2d 252. The Legislature has always, without serious question, given such powers to administrative bodies.
While the Legislature cannot delegate its power to make a law it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend which cannot be known to the law-making power, and must, therefore, be a subject of inquiry and determination outside the halls of legislation. Field v. Clark,143 U.S. 649; 36 L.Ed., 294; Provision Co. v. Daves, 190 N.C. 7,128 S.E. 593; Meador v. Thomas, 205 N.C. 142, 170 S.E. 110;Cox v. Kinston, supra.
"The mere fact that an officer is required by law to inquire into the existence of certain facts and to apply the law thereto in order to determine what his official conduct shall be and the fact that these acts may affect private rights do not constitute an exercise of judicial powers. Accordingly, a statute may give to nonjudicial officers the power to declare the existence of facts which call into operation its provisions and, similarly, may grant to commissioners and other subordinate officers power to ascertain and determine appropriate facts as a basis for procedure in the enforcement of particular laws." 11 Am. Jur., 950; Cox v. Kinston,supra.
"It is one thing to provide that a thing may be done if it is made to appear that under the law a certain condition exists; it is another thing to provide that a thing may be done if in the opinion of a named party a certain situation exists." Southeastern Greyhound Lines v. Georgia PublicService Commission, 181 S.E. 834, 102 A.L.R., 517. The one, under some conditions, may be justiciable; the other is not. "An act is none the less ministerial because the person performing it may have to *Page 315 
satisfy himself that the state of facts exist under which it is right and duty to perform the act." 34 C. J. S., 1181, sec. 6.
The act under consideration was complete in every respect when it left the hands of the Legislature and the duty imposed upon and the discretion vested in the Commissioner of Banks bears only upon the question whether certain conditions exist justifying the creation of the proposed bank under the terms and procedure laid down in the statute. Cox v. Kinston, supra. His action and the certificate issued thereon merely constitute the prescribed procedure to determine whether the franchise applied for was grantable under the law.
It follows then that the jurisdiction of the Commissioner of Banks over the banks and banking institutions of the State is regulatory and was delegated by the General Assembly in the lawful exercise of its powers.
The complaint fails to allege any fact tending to show he did not act in strict accord with the provisions of the statute. Nor does it contain the allegation of any fact which would tend to indicate that he acted capriciously, in bad faith, or in disregard of the provisions of the statute under which he proceeded. Merit is not shown and his action (on allegations made), being in strict accord with the statute, cannot be challenged in the manner here attempted. The administrative features of the law are not to be set at naught by recourse to the courts. R. R. Com. v.Oil Co., 310 U.S. 573, 84 L.Ed., 1368. Hence, certiorari will not issue to review his action. Felton v. Georgia Federation of Labor, 178 Ga. 313;Southeastern Greyhound Lines v. Georgia Public Service Commission, supra;Riddle v. Comrs. of Banking and Insurance, 100 A. 692; Falco v.Kaltenbach, 128 A. 394.
It must not be understood that we hold that an applicant for a charter is in all events remediless. When an officer acts capriciously, or in bad faith, or in disregard of law, and such action affects personal or property rights, the courts will not hesitate to afford prompt and adequate relief.
In applying for a certificate of incorporation plaintiffs here seek a privilege, a franchise. They are not asserting a right. The only right they had was the right to demand a consideration of their application as provided by the pertinent statute. No property interest of theirs was or is involved. No issues of law or fact was joined. The Commissioner of Banks did not sit as a court or judicial tribunal. In forming his opinion after investigation he rendered no decree. Nor did he decide any personal or property right of plaintiffs. Instead, he acted primarily for the benefit of the public at large. Degge v. Hitchcock, 229 U.S. 162,57 L.Ed., 1135; Southeastern Greyhound Lines v. Georgia Public ServiceCommission,supra. Herein lies one of the material distinctions between this and the cases cited and relied on by plaintiffs. *Page 316 
As the defendants debated here the sufficiency of the complaint to support an application for a writ of mandamus, it is not amiss for us to say that in this respect also it fails to state a cause of action. The writ issues to compel action — not to direct a reversal of action. Moorev. Board of Education, 212 N.C. 499, 193 S.E. 732; Edgerton v. Kirby,156 N.C. 347, 72 S.E. 365; Harris v. Board of Education, 216 N.C. 147,4 S.E.2d 328. As to the Secretary of State, he has no authority to act without a favorable certificate from the Commissioner of Banks and the Court will not compel an unlawful act.
The judgment below is
Affirmed.