This is a contest between creditors over the distribution of assets in the hands of A. A. F. Seawell, receiver of the Bank of Jonesboro. The receiver finds and allows a debt due the Banking, Loan and Trust Company in the sum of $15,867.85, and in a subsequent report filed allowed said debt in the sum of $16,581.00 to share pro rata in distribution of assets in his hands. His Honor, F. A. Daniels, judge, under agreement of parties that he should find the facts and enter judgment thereon, rendered judgment.
The creditors other than the Banking, Loan and Trust (358) Company excepted and appealed.
The controlling facts are that A. W. Huntley was cashier of the Bank of Jonesboro and president of the Banking, loan and Trust Company; that the said A. W. Huntley paid all checks drawn on the Bank of Jonesboro by its depositors, and forwarded to the Bank of Jonesboro for payment by out-of-town banks, by checks drawn upon the correspondent banks of the Banking, Loan and Trust Company, in its name, and upon its check forms, and signed by the said A. W. Huntley as its president; that the said Huntley made remittance for all collections made by the Bank of Jonesboro by exactly similar checks; that the money so paid amounted to $16,581.10; that the said Huntley misappropriated the funds of the Bank of Jonesboro and caused it to become insolvent; and that none of the officers of the Banking, Loan and Trust Company except Huntley had any knowledge of such misappropriation.
The knowledge of Huntley, if material, would not be imputed to the Banking, Loan and Trust Company, because he was acting in his own interest and adversely to his principal. Bank v. Burgwyn, 110 N.C. 267; Bank v.School Committee, 118 N.C. 383.
These cases were cited with approval in Brite v. Penny, 157 N.C. 114, and the Court there says: "We recognize the general doctrine held by all courts, that a corporation is not bound by the action or chargeable with the knowledge of its officers or agents in respect to a transaction in which such officer or agent is acting in his own behalf, and does not act in any official or representative capacity for the corporation."
But in any event, it appears that the money of the Banking, Loan and Trust Company was used to pay checks drawn on the Bank of Jonesboro by its depositors, and to cover remittances for collections *Page 287 
made by the bank, which we must hold constituted a valid (359) indebtedness.
It was within the power of the judge, under the terms of submission to him, to correct the finding as to the amount due, and if necessary the pleadings would be amended in this Court to conform to the finding.
Affirmed.
Cited: Shuford v. Ins. Co., 167 N.C. 551.