Memford E. Welborn, *et ux.*, v. T. J. Kemp.

192 So. 469
Division B
Opinion Filed December 15, 1939

*Frank R. Greene,* for Plaintiffs in Error;

*L. W. Duval,* for Defendant in Error.

PER CURIAM.—T. J. Kemp instituted this action of ejectment for lands situated in Marion County, against Welborn and his wife. Welborn interposed a plea of not guilty, and three equitable pleas, alleging the existence of an oral contract between himself and Kemp for the sale of the property to Welborn. It was stipulated between the parties that Kemp owned the fee, and that Welborn was in possession.

Kemp, at the conclusion of all testimony, moved for directed verdict on the grounds that no tender had been made under the alleged contract, and that no contract had been proved. Verdict was directed, giving Kemp possession of the land. From a denial of a motion for a new trial, Welborn brings writ of error.

The existence of an oral contract is a question of fact for the jury, and a charge directing a verdict for the plaintiff should never be given unless it is clear that there is no evidence whatever adduced that could in law support a verdict for defendant. If the evidence is conflicting, or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, it should be submitted

to the jury as a question of fact, and not taken from them and passed upon by the judge as a question of law. Section 4363 (2696) C. G. L.; McKinnon v. Johnson, 57 Fla. 120, 48 So. 910; Cameron & Barkley Co. v. Law-Engle Co., 98 Fla. 920, 124 So. 814.

The evidence here being conflicting, and admitting of different reasonable inferences, the trial judge erred in directing a verdict for plaintiff, and a new trial should be granted.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

THOMAS, J., concurs in opinion and judgment.

Justices TERRELL and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.