224 So.2d 759 (1969)
Harry H. MILOHNICH, Individually and Tropical Helicopters, Inc., a Florida Corporation, Appellants,
v.
FIRST NATIONAL BANK OF MIAMI SPRINGS, Formerly Known As Curtiss National Bank of Miami Springs, a National Banking Corporation, Appellee.
No. 68-1025.
District Court of Appeal of Florida. Third District.
July 1, 1969.
Turner, Hendrick, Fascell, Guilford, Goldstein & McDonald, Coral Gables, and Boyce Ezell, III, Miami, for appellants.
West & Goldman, and Michael P. Weisberg, Miami, for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
*760 SWANN, Judge.
The appellants were the plaintiffs below and sued the appellee (defendant below), a national bank.
Their complaint alleged, in summary, that Tropical Helicopters was a depositor with the bank from January 29, 1962 to November 1, 1966. The Uniform Commercial Code does not, therefore, apply to this case. It alleged that during this time, the defendant bank negligently and intentionally divulged information concerning its accounts to third parties [individuals], in violation of the duties imposed upon it by law and that as a result, the third parties, on three separate occasions, sued the plaintiffs and enjoined the defendant bank from distributing any of its monies on deposit in the bank; that the bank had wilfully and maliciously divulged secret information concerning its bank accounts without regard for plaintiffs' rights as a depositor, and in direct and wilful violation of the duty owed by the bank to keep the intimate details of the depositors' account secret.
Plaintiffs allege that they suffered damage as a result of a settlement of one of the law suits brought by the third parties plus attorneys' fees expended in defense of that law suit.
The point stated by appellant and argued by both parties on this appeal is:
"Whether the court erred in granting the Motion to Dismiss and in denying the Motion for Re-Hearing, both of which were based on its determination that the Plaintiffs' Complaint failed to state a cause of action and thus that there was no claim upon which relief could be granted."
It is fundamental that a motion to dismiss a complaint admits all the well pled facts for the purpose of passing on the legal sufficiency of the complaint to state a cause of action.
The allegations of fact in this complaint are, in our opinion, sufficiently broad to charge that the defendant national bank breached an implied contractual duty to the plaintiff depositors by negligently, wilfully, intentionally or maliciously disclosing information concerning its accounts to individual third parties. The legal question, however, is whether the bank is under an implied contractual duty not to disclose this information to third parties.
In Peterson v. Idaho First National Bank, 83 Idaho 578, 367 P.2d 284, 92 A.L.R.2d 891 (1961), the Idaho Supreme Court was faced with a similar problem. It agreed, essentially, that a national bank had an implied duty not to disclose any information concerning a depositor's account to third persons unless authorized by law or by the depositor. The court said at 367 P.2d 290:
"It is inconceivable that a bank would at any time consider itself at liberty to disclose the intimate details of its depositors' accounts. Inviolate secrecy is one of the inherent and fundamental precepts of the relationship of the bank and its customers or depositors. This high ethical standard is recognized by the defendant bank in the instant case, as outlined in the manager's deposition.
It is implicit in the contract of the bank with its customer or depositor that no information may be disclosed by the bank or its employees concerning the customer's or depositor's account, and that, unless authorized by law or by the customer or depositor, the bank must be held liable for breach of the implied contract. The claimed discretionary power assumed by the bank manager did not dispense with the necessity of assent by the customer or depositor."
In Tournier v. National Provincial & Union Bank [1924] 1 K.B. 461, 480, 12 B.R.C. 1021, 1040, the leading English case on this subject, the following statement was made by Scrutton, L.J., in a unanimous holding:
"The court will only imply terms which must necessarily have been in the contemplation *761 of the parties in making the contract. Applying this principle to such knowledge of life as a judge is allowed to have, I have no doubt that it is an implied term of a banker's contract with his customer that the banker shall not disclose the account, or transactions relating thereto, of his customer except in certain circumstances."
Indeed, the banking industry itself has already contemplated and recognized its duties of non-disclosure. In 1 Paton's Digest (1940) at p. 619, Opinion 19-1, the following question was asked:
"What general policy should a bank adopt as to making disclosure of information concerning depositors? Please state what the courts have said as to the duty of secrecy owed by a bank to its depositors."
In response to this question, the general counsel of the American Banker's Association gave the following opinion, in part:
"A bank should, as a general policy, consider information concerning its customers as confidential, which it should not disclose to others without clear justification."
This general banking policy of non-disclosure was recognized in United States v. First National Bank of Mobile, 67 F. Supp. 616, at p. 624 (S.D.Ala. 1946):
"All agree that a bank should protect its business records from the prying eyes of the public, moved by curiosity or malice. No one questions its right to protect its fiduciary relationship with its customers, which, in sound banking practice, as a matter of common knowledge, is done everywhere."
From the leading cases, a qualified duty of non-disclosure appears to be evolving in both England and America. In 10 Am.Jur.2d Banks § 332, the following statement is made:

"Indeed, it is an implied term of the contract between a banker and his customer that the banker will not divulge to third persons, without the consent of the customer, express or implied, either the state of the customer's account or any of his transactions with the bank, or any information relating to the customer acquired through the keeping of his account, unless the banker is compelled to do so by order of a court * * *" [Emphasis added]
The following statement is contained in I.F.G. Baxter, The Law of Banking 21-2 (2d ed. 1968):
"[T]here is implied in the [deposit] contract a certain duty of secrecy as regards the customer's affairs. The locus classicus for the nature and scope of the duty is Tournier v. National Provincial Bank, [1924] 1 K.B. 461 * * *. The duty is not absolute and its qualifications can be classified under four heads. These are: (2) a disclosure under compulsion of law, (b) where there is a duty to the public to disclose, (c) where the interests of the bank require disclosure, (d) where the disclosure is made with the express or implied consent of the customer."
In fact it appears a bank lacks the authority to indiscriminately act as "credit agency" for third parties. A case involving the duties of a state bank toward its depositors was discussed in Sparks v. Union Trust Company of Shelby (1962), 256 N.C. 478, 124 S.E.2d 365. The court therein stated:
"What this Court said in People's Nat. Bank of Winston-Salem, N.C. v. Southern States Finance Co., 192 N.C. 69, 133 S.E. 415, 48 A.L.R. 519, is apposite: `A national bank has no power to engage in the business of furnishing to depositors or to others gratuitously or for compensation, direct or indirect, information as to the solvency, or condition or reputation, financial or otherwise, of persons, firms or corporations. An agreement to furnish such information is ultra vires. * * *' This is in accord with the general rule. Annot. 48 A.L.R. 529.

*762 In Zollmann's Banks and Banking, Per.Ed., Vol. 5, sec. 3413, pp. 379-380, it is stated: `Depositors have the right of secrecy. A bank therefore is under an implied obligation to keep secret its records of accounts, deposits, and withdrawals.'" 124 S.E.2d at 367.
Generally, state and federal banks are limited to those powers specifically granted by statute or which must be necessarily exercised in the performance or enjoyment thereof. See Perkins v. Fuquay, 106 Fla. 405, 143 So. 323 (1932).
We are of the opinion that this complaint alleged a cause of action for violation of an implied duty on the part of a national bank not to disclose information negligently, wilfully or maliciously or intentionally to third parties, concerning the depositor's account. This opinion does not attempt to deal with the disclosures of a national bank relating to loan information, safe deposit rentals, general credit information between banks, disclosure required by the government or under compulsion of law or disclosure made with the express or implied consent of the customer. [See also 48 A.L.R. Annot. p. 582 and 92 A.L.R.2d Annot. p. 900]. These issues are not before us.
The bank argues that even if there is an implied legal duty on its part to not disclose information about its depositors' accounts wilfully, maliciously, negligently or intentionally to individual third parties; that this complaint is still insufficient, as a matter of law, since it did not allege any damages suffered by the plaintiffs with sufficient certainty.
In 25 C.J.S. Damages § 50e, it is stated:
"[W]here the breach of a contract has forced one of the contracting parties to maintain or defend an action against a third person, he is entitled to recover from the party breaching the contract attorney fees and any other expenses incurred in the prior litigation."
Citing as authority, Artvale, Inc. v. Rugby Fabrics Corp., 232 F. Supp. 814 (S.D.N.Y. 1964), aff'd., 363 F.2d 1002 (2d Cir.1966); Vaughan v. Atkinson, 291 F.2d 813 (4th Cir.1961), rev'd. on other grounds, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88; Hiss v. Freidberg, 201 Va. 572, 112 S.E.2d 871, 4 A.L.R.3d 261 (1960). Accord, Restatement of Contracts § 334.
Notwithstanding the other possible deficiencies in the allegations of damage, the plaintiffs have alleged generally that they paid attorneys' fees in the defense of the law suit brought by the third parties as a direct result of the acts of the bank and its employees.
We find, therefore, that this complaint alleged that the plaintiffs had suffered damages with such specificity as to withstand the motion to dismiss. Whether the plaintiffs will be able to sustain their burden of proof at the time of trial is not before us at this time.
We simply hold that the complaint on behalf of Tropical Helicopters, Inc. was sufficient to state a cause of action against the defendant national bank for an alleged breach of an implied contractual duty.
In passing, we note that there is no allegation in the complaint that the plaintiff, Harry H. Milohnich, was a depositor in the bank at any time pertinent to the cause of action. The complaint is, therefore, deficient in stating a cause of action by the plaintiff, Harry H. Milohnich, against the defendant national bank.
We reverse the order herein appealed and remand this cause to the trial court with instruction to reinstate the cause of action on behalf of Tropical Helicopters, Inc. against the defendant national bank and with instructions to permit an amendment to the pleadings in order to show whether the plaintiff Harry Milohnich was ever a depositor in the defendant national bank during the times pertinent to the alleged cause of action. If such an amendment is not forthcoming showing the status *763 of Harry Milohnich as a depositor in the bank within fifteen (15) days after remand, this cause will stand dismissed with prejudice as to the plaintiff, Harry Milohnich.
It is so ordered.
PEARSON, Judge (concurring specially).
The decision in this case sets forth for the first time in this state a liability of a bank for disclosing information about a depositor's account. I agree that this complaint alleged that the appellant bank violated its duty not to disclose information negligently or maliciously to third parties concerning the corporate appellant's account. But I think the cause of action alleged is ex delicto, i.e., I think the complaint alleges that the appellee bank committed a kind of business tort.
I do not think the complaint states a cause of action ex contractu because none of the allegations explicitly or implicitly mention any express or implied contractual agreement between the parties that the appellee bank was barred from disclosing the deposit of the appellants without their express or implied permission nor does the complaint allege the violation of a course of dealing or the violation of a usage of trade.
In order for appellants' complaint to state a cause of action ex contractu it would have to allege facts showing the existence of the sort of implied contract described by the majority, or a usage of the banking trade as described by the majority. In either event, the trier of fact must decide whether such an implied contract exists (see Welborn v. Kemp, 141 Fla. 89, 192 So. 469 [1939]; Wabash Fire and Casualty Co. v. Holloway, Fla.App. 1962, 139 So.2d 145) or whether such a method of dealing is a usage of the banking trade (see § 671.1-205[2], Fla. Stat. [1967], F.S.A.) It should be noted at this point that a plaintiff relying on an implied contract has a greater burden of proof than one who protects himself by means of an express contract. Bromer v. Florida Power & Light Co., Fla. 1950, 45 So.2d 658, 13 A.L.R.2d 1227; Trickey v. Stone, Fla.App. 1963, 152 So.2d 748.
The second question discussed in the majority opinion is whether the complaint alleged recoverable damages for the violation of an implied contract between the parties. As I read the complaint, the appellants allege that as a result of the disclosure of the amount in the corporation's bank account, claimants against the appellants brought law suits and were able to secure a court order enjoining the bank from paying out any of the money the corporation had on deposit and that the appellants (a) were forced to pay attorneys' fees to defend the suits; (b) were forced to pay out money to settle the suits; (c) suffered damage to the corporate appellant's business reputation; and that the individual appellant (d) suffered mental pain and anguish.
If I agreed that the cause of action alleged was ex contractu, I would hold that none of these damages is recoverable because of the following holding in the Bromer case:
"* * * This Court should determine and give to the alleged contract `the effect which the parties, as fair and reasonable men, presumably would have agreed upon if, having in mind the possibility of the situation which has arisen, they had contracted expressly in reference thereto.' 12 Am.Jur. 766." 45 So.2d at 660.
The Second District followed this holding in Rice v. First Federal Savings and Loan Association of Lake County, Fla.App. 1968, 207 So.2d 22. I do not think that fair and reasonable men having in mind the possibility of the situation which has arisen would have expressly contracted that the appellee should compensate the appellants for any of the damages claimed.
*764 Since I think the complaint alleges a business tort, I would hold that all damages except those sought for the individual appellant's mental pain and suffering (which were not alleged to have resulted from a physical harm) are compensable.