325 So.2d 29 (1976)
CANADIAN UNIVERSAL INSURANCE COMPANY, Appellant,
v.
EMPLOYERS SURPLUS LINES INSURANCE COMPANY, Appellee.
No. 74-1094.
District Court of Appeal of Florida, Third District.
January 13, 1976.
*30 Wicker, Smith, Pyszka, Blomqvist & Davant, Smathers & Thompson and David S. Batcheller, Miami, for appellant.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is an appeal by Canadian Universal Insurance Company, defendant and primary insurer, seeking reversal of a final judgment on the cross-claim of defendant excess insurer in the amount of $38,751.66, representing the excess insurer's attorney's fees and costs in defending a bad faith action brought by the plaintiffs against both insurers.
As a result of their infant daughter sustaining severe brain damage due to the negligent handling of her delivery, plaintiffs filed suit against James Archer Smith Hospital, Canadian Universal Insurance Company as primary insurer up to $100,000, and Employers Surplus Lines Insurance Company as excess insurer from $100,000 to $250,000. Although Employers did not engage actively in the negligence litigation, it did urge Canadian to accept plaintiffs' offer to settle within the combined limits of the two policies (i.e. $250,000). Canadian did not settle and the jury returned a verdict in the aggregate sum of $826,490 in favor of the plaintiffs and against the hospital. Canadian and Employers paid their policy limits leaving a $576,400 excess. Plaintiffs then filed against both insurance companies a second action seeking to recover the excess on the theory that Canadian and Employers acted in bad faith in refusing to settle the case within their combined policy limits when they had ample opportunity to do so and when the case was one of likely and probable liability with damages greatly exceeding the limits of both policies. Both defendant *31 insurers denied liability and Employers filed a cross-claim for indemnity against Canadian for its exercise of bad faith toward Employers by preventing a settlement within the combined policy limits. This cause was tried before a jury which found (1) Canadian exercised bad faith towards the plaintiffs and towards Employers, and (2) Employers did not act in bad faith towards the plaintiffs. Thereupon, the trial judge entered judgment for $576,000 in favor of plaintiffs and against Canadian and a final judgment for Employers on its cross-claim against Canadian for $32,500 in attorney's fees and $6,251.66 in costs. Canadian appeals this judgment on Employers' cross-claim. We affirm.
The general rule of law is that where the wrongful act of the defendant has involved the claimant in litigation with others or placed him (or her) in such relation with others as makes it necessary to incur expenses to protect his interest, such costs and expenses, including attorney's fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages. See Milohnich v. First National Bank of Miami Springs, Fla.App. 1969, 224 So.2d 759 and 9A Fla.Jur. Damages § 80 (1972); 22 Am.Jur.2d Damages § 166 (1965); Annot., 45 A.L.R.2d 1183 (1956).
The jury found that Canadian by refusing to settle within the combined policy limits committed a wrongful act toward Employers. The jury also determined that Employers was not guilty of any bad faith conduct toward the plaintiffs. Thus, as a result of Canadian's bad faith, Employers became involved in the instant litigation and we only can conclude that the costs and attorney's fees incurred in defending this bad faith action were properly awarded as elements of damages on Employers' cross-claim.
Affirmed.