395 So.2d 1248 (1981)
SUN FIRST NATIONAL BANK OF LAKE WALES and Russ Fulton, Appellants,
v.
David STEGALL, Appellee.
No. 80-1492.
District Court of Appeal of Florida, Second District.
March 25, 1981.
Lynn H. Groseclose, Jacobs, Valentine, Groseclose & Miller, P.A., Lakeland, for appellants.
CAMPBELL, Judge.
Sun First National Bank of Lake Wales brought suit to collect money which it claimed that David Stegall, Suzanne Stegall and S & A Enterprises, Inc., d/b/a Dave's Motor Sales, owed to it. It alleged that the debts resulted from notes and guaranties executed by the Stegalls and Dave's Motor Sales, Mr. Stegall's used car business, and from sums remaining due under a dealer floor plan arrangement whereby it advanced Dave's Motor Sales up to $50,000 for inventory stock. Mr. Stegall filed a two count counterclaim against the bank. The first count alleged the breach of a duty of secrecy which resulted from a telephone call made by a Russ Fulton, an employee of Sun, to an employee of the American Bank of Lake Wales which also had a floor plan arrangement with Dave's Motor Sales. The second count alleged that Fulton slandered Stegall during the telephone conversation, thereby interfering with and injuring his used car business.
The court heard the case without a jury and then found for Sun on its claims. However, it also found that Fulton's telephone call was a breach of Sun's duty of secrecy and awarded Mr. Stegall $8,000 in damages plus costs. Sun now appeals from this award. Mr. Stegall, as appellee, has not appeared of record or filed briefs and his failure to support the court's findings, even though they come to this court with a presumption of correctness, has caused us increased difficulties in making a proper disposition of this appeal. However, we have carefully examined both the testimony and the arguments presented to the court below regarding the breach of duty issue, and we are confident that the result we have reached is a correct one.
The testimony regarding Fulton's telephone conversation varied. Glenda Johns, the representative of the American Bank who was a party to the conversation, testified *1249 she received the call from Mr. Fulton between two and three years prior to the final hearing in June 1980. Fulton, whom Sun employed in March 1977, testified that the call came to him from a female employee of American Bank in November 1977. Mr. Stegall testified that Mrs. Johns contacted him within ten minutes of the call on the day that it was made in early January 1978. Seen in a light least favorable to Sun's position, the conversation consisted of statements by Fulton that Sun was repossessing Stegall's automobiles covered by Sun's floor plan.
Mr. Stegall argued that at the time Fulton made the statements they were in fact false. However, he failed to show that the statements caused him any damage. He testified that American Bank's floor plan arrangement was still the same as it was at the time of the telephone conversation. It did decline to extend its credit limits as he had asked, but he also testified that he did not seek further floor plan financing with any other bank. He claimed that he did $200,000 less business the year after the call was made, yet he did not connect the loss of business with the telephone call. Conversely, he testified that he lost $280,000 in gross business between 1976 and 1977 which was before the call. The only other element of damage he alluded to allegedly came from Sun's refusal in July 1977 to refinance, or "roll-over," $10,000 worth of automobiles he had paid off in June 1977. He seemed to claim that because he was deprived of this $10,000 by not being able to refinance with Sun, his business suffered losses. However, this too was prior to the complained of telephone call, and it is important to note that Sun's floor plan arrangement was terminable at will.
In support of his duty of secrecy theory, Mr. Stegall cited a number of early English cases, cases from other states, and Milohnich v. First National Bank of Miami Springs, 224 So.2d 759 (Fla.3d DCA 1969), to the trial court. Those cases all concerned an implied contractual duty of a bank not to disclose information concerning depositors' accounts to individual third parties. They did not, however, address the issue of whether there is a similar duty of secrecy by a bank to a commercial loan customer so as to prevent the exchange of credit information between banks having common loan debtors. We need not address this question either, because, as we have noted above, there is no evidence in the record of a causal relationship between the telephone call and any damage that appellee asserts.
We reverse the judgment for appellee and remand the case for treatment consistent with this opinion.
SCHEB, C.J., and OTT, J., concur.