476 So.2d 253 (1985)
Samuel SCHUSTER, Appellant/Cross-Appellee,
v.
BANCO DE IBEROAMERICA, S.A., a Panamanian Corporation, Appellee/Cross-Appellant.
No. 84-2093.
District Court of Appeal of Florida, Third District.
September 24, 1985.
Rehearing Denied October 23, 1985.
Rodriguez-Chomat, Fernandez & Associates and Jorge Rodriguez-Chomat, Miami, for appellant/cross-appellee.
Valdes-Fauli, Cobb & Petrey and Jose E. Sirven and William C. Crenshaw, Miami, for appellee/cross-appellant.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
Schuster, the plaintiff below, appeals from an order dismissing his amended complaint with prejudice on the ground that the defendant-bank owed no duty to notify him when the Internal Revenue Service served a notice of levy on his account in the bank. The bank cross-appeals from an order denying its motion for attorneys' fees pursuant to Section 57.105, Florida Statutes (1983). We affirm both orders.
The heart of Schuster's amended complaint is that:
"8. On or about July 26, 1983, a Notice of Levy . .. was served by the Internal Revenue Service upon an officer of the Defendant, identifying the Plaintiff as `agent, nominee, trustee or holder of a beneficial interest for Susie Schuster, a/k/a Susie Translateur'.
"9. Said Notice of Levy was incorrect and the Defendant had no legal obligation to comply with it for the following reasons:
"A. It did not identify SAMUEL SCHUSTER in his individual capacity, but merely as an agent for another person.
"10. Defendant did not comply with said Notice of Levy of July 26, 1982 because, in fact, and in the opinion of Defendant's counsel, the Notice of Levy was incorrect and improper.
"11. Defendant had at that time the implied contractual and common law obligation with the Plaintiff to notify him of the service of the Notice of Levy by Internal Revenue Service upon the Bank to allow Plaintiff to take whatever course of action, within the scope of the law, was available to him. Defendant failed to take any action to advise Plaintiff on July 26, 1982 that a Notice of Levy had been served upon the Bank attempting to levy and seize Plaintiff's monies at the Bank.
"12. Defendant called Internal Revenue Service and requested a second Notice of Levy... . Three (3) days later, on July 29, 1982 a second Notice of Levy... was served by Revenue Officer O'Dea of the Internal Revenue Service upon a Defendant's Officer.
"13. This time the Notice of Levy ... identified Mr. SAMUEL SCHUSTER individually, *254 and Defendant proceeded to comply with the Notice of Levy of July 29, 1982 and on August 9, 1982 surrendered to the Internal Revenue Service the sum of NINETY FIVE THOUSAND EIGHT HUNDRED EIGHTY and 19/100 ($95,880.19) DOLLARS.
"14. The monies that were surrendered to the Internal Revenue Service on August 9, 1982 were owned by the Plaintiff in Certificate of Deposit No. 104 and in Checking Account No. 01020005.
"15. The actions of Defendant in failing to notify Plaintiff on July 26, 1982 that a Notice of Levy had been served by the Internal Revenue Service upon the Bank and that said Notice of Levy was incorrect and improper and that the Bank was not going to comply with it was, in fact, a breach of the contractual obligations that existed between Defendant and Plaintiff in this cause of action.
"16. Plaintiff had the right to be notified immediately upon receipt by Defendant of the Notice of Levy of July 26, 1982 of the events that were taking place, so that he would have had the opportunity to act within the law to protect his properties."
(emphasis supplied).
It is inescapable that the purported cause of action alleged in the amended complaint is that the bank had a duty to notify Schuster of the service of the Internal Revenue Service notice of levy and breached that duty. Even if one could generously read the allegations of paragraph 12 to mean, in the dissenter's words, "that the bank actually solicited the government's correction of its mistake by informing the Internal Revenue Service that there were accounts in Mr. Schuster's individual name," it remains that this is not what Schuster was suing about. In the words of his own attorney, at the hearing on the motion to dismiss, it was the bank's non-feasance (failure to notify Schuster), not malfeasance (contacting the IRS), that damaged Schuster:
"We are saying that the Federal Bank's duty to notify the debtor of the action of the IRS, just to give him notice to take whatever legal rights available to him, was breached.
"Because that contractual obligation of the bank was breached, the subsequent return of the money to IRS become [sic] a wrongful return."
And when asked if he wanted to further amend the complaint or to stand on the sole cause of action pleaded and argued  the bank's failure to notify Schuster  Schuster chose to stand pat and requested the entry of a dismissal with prejudice, grounded, as we have said, on the singular legal conclusion that "the Defendant owed no duty to Plaintiff to notify Plaintiff when the Internal Revenue Service served a Notice of Levy, pertaining to Plaintiff's account with Defendant, on Defendant."[1] In our view, that conclusion is eminently correct  because (a) no statute, regulation, or case (state or federal) imposes, even by implication or analogy, a duty upon a bank to notify a taxpayer-depositor of the fact of receipt of a notice of levy[2]; or (b) even if, as the dissent suggests, "[a] common law duty exists when a court says it does because it thinks it should," a majority of this panel does not think it should.
Affirmed.
SCHWARTZ, Chief Judge (dissenting).
It must be emphasized that this is not a case in which the IRS simply served an appropriate levy upon a taxpayer's bank account. In that event, the bank is required by 26 U.S.C. § 6332 (1976) simply to turn the proceeds over to the United *255 States, and, I would thoroughly agree, has no duty to notify the depositor  who could not in any event help himself even if he knew about it  that this had taken place. But the complaint in this case portrays quite a different scenario. It stated that, in attempting to secure assets owned by another taxpayer, Susie Schuster, the IRS first served the bank with a Notice of Levy naming the appellant Samuel Schuster "as agent, nominee, trustee or holder of a beneficial interest for Susie Schuster." Since the bank did not have an account by that title, it properly did not surrender any funds. Neither, however, did it notify Mr. Schuster that the IRS had served the defective notice. What is much more, Schuster alleges that the bank actually solicited the government's correction of its mistake by informing the IRS that there were accounts in Mr. Schuster's individual name. When Uncle Sam happily responded to this information by serving an Amended Notice of Levy in this capacity, the bank promptly turned over $95,000 of Mr. Schuster's money to the IRS.[1]
I cannot agree that this set of facts does not involve a viable cause of action. I would think that the contract between the debtor-bank and its depositor-creditor, see McCrory Stores Corp. v. Tunnicliffe, 104 Fla. 683, 140 So. 806 (1932), with the attendant obligation of mutual good faith which is implied in all such relationships, Ludal Development Co. v. Farm Stores, Inc., 458 So.2d 781, 783 (Fla. 3d DCA 1984), itself required the bank to let Schuster know that the IRS was after his money, so that it could be removed before the tax collector pounced. See W. Prosser and W. Keeton, The Law of Torts § 92, at 663 (5th ed. 1984).[2] Moreover, it is even more obvious that the bank may and should be held liable for gratuitously, officiously, and affirmatively  a surfeit of adverbs never hurt anyone  telling the government how to place its grasp upon its customer's funds.[3] I think it particularly appropriate to apply the traditional distinction between ordinarily non-actionable "nonfeasance" and almost always recoverable "misfeasance" to this state of affairs. See Prosser and Keeton, The Law of Torts § 56; 38 Fla.Jur.2d Negligence § 12 (1982). In fact, this court has previously held that a bank may indeed be liable for unauthorizedly revealing the state of a depositor's accounts to his creditors. Milohnich v. First National Bank of Miami Springs, 224 So.2d 759 (Fla. 3d DCA 1969). In my view, this rule has special force when the recipient of the volunteered information is the IRS.
In a similarly losing, but I hope valiant, effort, I said in Robertson v. Deak Perera (Miami), Inc., 396 So.2d 749, 752 (Fla. 3d DCA 1981) (Schwartz, J. dissenting), pet. for review denied, 407 So.2d 1105 (Fla. 1981), that "[a] common law duty exists when a court says it does because it thinks it should." Since I surely think that one  even, perhaps especially, a bank  should be obliged (a) to warn its customer that a predator is prowling in the vicinity of its property and (b) even more, not to deliver that property directly to its claws and fangs,[4] I respectfully dissent.
NOTES
[1] The only times that a potential cause of action for an unauthorized disclosure of information concerning the existence of Schuster's account was mentioned were at oral argument of the appeal and in the dissent to this opinion. This court has recognized the existence of such a cause of action in the context of a bank's voluntary disclosure to private creditors of information concerning depositors' bank accounts. See Milohnich v. First National Bank of Miami Springs, 224 So.2d 759 (Fla. 3d DCA 1969).
[2] The IRS is required to notify the taxpayer of the levy. 26 U.S.C.A. § 6331(d) (1985).
[1] As against the IRS, Schuster claims that the funds were wrongly taken because they were actually his rather than Susie's. We are told that, on this basis, he has actually received some of the $95,000 back from the government.
[2] There is no statutory or other provision which forbids the bank from taking such an action.
[3] There is no statutory or other provision which requires the bank to take such an action.
[4] This fact pattern may present a real issue as to whether the bank's conduct, even if improper, could have been a proximate cause of any loss to the plaintiff. The argument would go, I suppose, that the IRS would be entitled to the money anyway if it were Mr. Schuster's and he owed it in unpaid taxes; if, on the other hand, one or both of these were not the case, he would be entitled to get it back in due course. See note 1, supra. I do not believe, however, that it is appropriate now to reach this projected defense in considering the sole issue properly before us, the sufficiency of the complaint on its face. See Yates v. Commercial Bank & Trust Co., 432 So.2d 725 (Fla. 3d DCA 1983).